Circuit Court for Howard County
Case No. C-13-FM-23-001251

Argued: April 4, 2025

IN THE SUPREME COURT

OF MARYLAND

No. 35

September Term, 2024

_____

JENNIFER ADELAKUN

v.

ADENIYI ADELAKUN

_____

Fader, C.J.
Watts
Booth
Biran
Gould
Eaves
Killough,

JJ.

_____

PER CURIAM ORDER

_____

Filed:  April 8, 2025

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

|  |  |
|---|---|
| | * IN THE |
| | * |
| JENNIFER ADELAKUN | SUPREME COURT |
| | * |
| v. | OF MARYLAND |
| | * |
| ADENIYI ADELAKUN | No. 35 |
| | * |
| | September Term, 2024 |
| | * |
| | * |

PER CURIAM ORDER

Upon consideration of the filings by Jennifer Adelakun, Petitioner (hereinafter "Mother"), and Adeniyi Adelakun, Respondent (hereinafter "Father"), and oral argument conducted on April 4, 2025,

Whereas, on July 19, 2023, Mother filed in the Circuit Court for Howard County a complaint for absolute divorce from Father in which she requested primary physical custody and sole legal custody of the couple's three minor children, as well as *pendente lite* child support, permanent child support, *pendente lite* alimony, rehabilitative alimony, and permanent alimony, all retroactive to the date of filing; and

Whereas, on August 14, 2023, Father filed a counter-complaint for limited divorce in which he requested primary physical custody and sole legal custody, as well as child support based on the Maryland Child Support Guidelines or an amount above the guidelines if applicable; and

Whereas, a Family Magistrate in the Circuit Court for Howard County held a *pendente lite* hearing and issued a report and recommendations, which included findings of fact that both parents are capable of earning significant income, can cover their own

expenses during the *pendente lite* period, and neither has demonstrated a credible financial need for *pendente lite* alimony or child support; and

Whereas, on March 5, 2024, the circuit court entered an order adopting the Magistrate's recommendations and, among other things, denying the requests for *pendente lite* alimony and child support; and

Whereas, on March 6, 2024, Mother noted an interlocutory appeal, citing Md. Code Ann., Cts. & Jud. Proc. ("CJ") § 12-303; and

Whereas, on September 26, 2024, the Appellate Court of Maryland issued an opinion dismissing the interlocutory appeal and holding that an interlocutory order denying *pendente lite* alimony and child support is not a final judgment and is not appealable as an order for the payment of money pursuant to CJ § 12-303(3)(v), *see Adelakun v. Adelakun*, 263 Md. App. 356, 379, 384 (2024); and

Whereas, on October 7, 2024, Mother filed in this Court a petition for a writ of *certiorari*, raising the issue of whether an order denying *pendente lite* child support and alimony is appealable under CJ § 12-303(3)(v), and on November 22, 2024, this Court granted the petition as to the question; and

Whereas, on April 4, 2025, this Court held oral argument; and

Whereas, although the pendency in this Court of the request for review of the circuit court's denial of an award of *pendente lite* child support and alimony does not deprive the circuit court of jurisdiction to proceed with adjudication of the complaint and counter-complaint, this Court issues this order to avoid any potential delay; and

- 2 -

Whereas, this Court has concluded that the Appellate Court of Maryland correctly held that an interlocutory order denying *pendente lite* alimony and child support is not appealable as an order for the payment of money pursuant to CJ § 12-303(3)(v),

For reasons to be stated later in an opinion to be filed, it is this 8th day of April, 2025, by the Supreme Court of Maryland,

ORDERED, that the judgment of the Appellate Court of Maryland is AFFIRMED. Costs to be paid by Petitioner.  The mandate shall issue forthwith.

  /s/ Matthew J. Fader
Chief Justice